UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA LAMB,

        Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 2:17-CV-00499-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: December 8, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Angela Lamb filed this matter seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in failing to consider Plaintiff's panic disorder at Step Two of the sequential evaluation process and when determining Plaintiff's residual functional capacity ("RFC"). Therefore, the error at Step Two was harmful. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of the Social

Security Administration ("Commissioner") for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On February 7, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of July 13, 2011. *See* Dkt. 9, Administrative Record ("AR") 16. The applications were denied upon initial administrative review and reconsideration. AR 16. A hearing was held before ALJ Mary Gallagher Dilley on May 7, 2015. *See* AR 32-80. During the hearing, Plaintiff amended her alleged onset date to April 10, 2014. AR 16. In a decision dated September 24, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 16-26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider Plaintiff's panic disorder at Step Two; (2) evaluate the opinion of Dr. Bruce Eather, Ph.D.; and (3) evaluate Plaintiff's subjective symptom testimony. Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ erred by failing to properly consider Plaintiff's panic disorder at Step Two.**

Plaintiff alleges the ALJ erred when she failed to properly consider whether Plaintiff's diagnosed panic disorder was a severe impairment at Step Two of the sequential evaluation

process. Dkt. 11, pp. 2-3. In response, Defendant asserts Plaintiff has failed to show her "pain disorder" caused functional limitations and it is therefore not a severe impairment. Dkt. 12, pp. 11-13.[1]

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Regarding mental impairments, the ALJ will consider four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).[2] If the ALJ rates the degree of a claimant's limitation "in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, [the ALJ] will generally conclude that [the claimant's] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id*. at (d)(1). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen*, 80 F.3d at 1290 (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

---

[1] In her Response, Defendant does not discuss panic disorder. *See* Dkt. 12, pp. 11-13. She only discusses "pain disorder." *Id*.

[2] On March 27, 2017, the four areas of functioning changed to: Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The Court, however, applies the regulations which were in effect on the date of the ALJ decision. *See Rose v. Berryhill*, -- F.Supp.3d --, 2017 WL 2562103, at *2 (C.D. Cal. June 13, 2017) ("the reviewing court generally applies the law in effect at the time of the ALJ's decision").

At Step Two, the ALJ found Plaintiff had the following severe impairments: "mental impairments described as polysubstance abuse, bipolar disorder, anxiety disorder, and personality disorder." AR 18. The ALJ also determined Plaintiff's sinusitis was a non-severe impairment and found Plaintiff's alleged attention deficit disorder was "non-medically determinable." AR 19. The ALJ did not discuss Plaintiff's panic disorder at Step Two or throughout the remaining steps of the sequential evaluation process. *See* AR 19-26.

The medical evidence shows Plaintiff was diagnosed with panic disorder by her treating psychiatrist, Dr. Beth M. Sandman, in August of 2012. AR 371. Dr. Sandman continued to assess panic disorder throughout 2012, 2013, and 2014. *See* AR 362, 365, 369, 382, 421, 422, 423, 426. Plaintiff reported she has periods of panic when she is around people and has obsessive thoughts of needing to be perfect. AR 234. She stated her heart pounds, she has sweaty hands, and is unable to complete tasks. AR 234. Plaintiff also reported she lacks energy and focus. AR 234. On March 26, 2015, Plaintiff was late to an appointment because she was suffering from panic attacks. AR 428. She also reported that she gets panicky especially with time management. AR 235.

The ALJ failed to discuss Plaintiff's diagnosed panic disorder, including significant, probative evidence showing Plaintiff's panic disorder is a medically determinable impairment which causes functional limitations. *See* AR 18-20. Accordingly, the ALJ erred at Step Two. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation").

After reviewing the record, the Court finds Plaintiff was diagnosed with panic disorder by an acceptable medical source. *See* AR 371. Evidence shows Plaintiff's panic disorder and panic attacks limit Plaintiff's ability to complete tasks, focus, and manage her time. *See* AR 234-35,

428. As such, her panic disorder causes functional limitations which impact her ability to perform basic work activities. *Smolen*, 80 F.3d at 1290 (an ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity" at Step Two). Therefore, the Court concludes Plaintiff's panic disorder is a severe impairment.

While the ALJ erred in failing to discuss Plaintiff's severe impairment of panic disorder, the Court must determine if the error is harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all Plaintiff's limitations in assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Though the ALJ mentioned that Plaintiff did not demonstrate frequent panic episodes or panic symptoms when assessing Plaintiff's subjective symptom testimony, she failed to discuss Plaintiff's panic disorder at Step Two or in any part of the sequential evaluation process. *See* AR 18-26. As such, the Court cannot conclude the ALJ properly considered Plaintiff's panic disorder, or the limitations caused by this severe impairment, when determining the RFC. The Court notes the ALJ found Plaintiff had severe mental impairments at Step Two (*i.e.*, polysubstance abuse, bipolar disorder, anxiety disorder, and personality disorder) and included

some mental limitations in the RFC. However, simply because the ALJ found Plaintiff's polysubstance abuse, bipolar disorder, anxiety disorder, and personality disorder were severe impairments does not show the ALJ properly considered Plaintiff's panic disorder. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (finding that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record"); *Smolen*, 80 F.3d at 1290 ("having found [the plaintiff] to suffer from only one 'severe' impairment at step two, the ALJ necessarily failed to consider at step five how the combination of her other impairments . . . affected her residual functional capacity to perform work").

If the ALJ had properly considered Plaintiff's panic disorder, the RFC and hypothetical question posed to the vocational expert, Rachel Steilberg, may have contained additional mental limitations, such as limitations in Plaintiff's ability to attend work on a consistent basis, complete tasks, and focus. The ALJ's failure to properly consider Plaintiff's panic disorder at Step Two and throughout the remaining sequential evaluation process impacts the ultimate disability decision. Therefore, the ALJ's error at Step Two is harmful and requires remand.

The ALJ's error at Step Two requires remand to the Commissioner for proper consideration of Plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative process incorporating Plaintiff's panic disorder and the work limitations possibly caused by this additional severe impairment. As the ALJ's error at Step Two impacts all

aspects of the ALJ's decision, the Court recommends the ALJ be instructed to re-evaluate this entire matter on remand, completing each step of the sequential evaluation process.[3]

**II.     Whether the ALJ properly weighed the medical opinion evidence.**

Plaintiff asserts the ALJ erred by giving great weight to state agency consultant Dr. Bruce Eather's opinion, but failing to include all the opined limitations in the RFC and hypothetical question. Dkt. 11, pp. 3-4. While the ALJ's error at Step Two requires the ALJ to re-evaluate this entire matter on remand, the Court specifically recommends the ALJ be directed to reconsider Dr. Eather's opinion.

Dr. Eather completed a Mental Residual Functional Capacity Assessment and found, in relevant part, that Plaintiff was moderately limited in her ability to respond appropriately to changes in a work setting and would be able to adapt to only occasional changes in a work setting. AR 111. The ALJ gave great weight to Dr. Eather's opinion. AR 24.

In the RFC determination, the ALJ found Plaintiff can perform a full range of work at all exertional levels, with the following nonexertional limitations: "the claimant is able to perform routine tasks; can work with no contact with the public, and occasional, superficial contact with co-workers." AR 22.

It is unclear from the RFC if the ALJ adequately accounted for Dr. Eather's opinion that Plaintiff would be able to adapt to occasional changes in a work setting. *See* AR 22. While the ALJ stated she give great weight to Dr. Eather's opined limitations, she does not explain how the RFC accounts for the opinion regarding Plaintiff's limitations in adapting to changes in a work setting. *See* AR 24. Additionally, the RFC does not expressly contain limitations concerning

---

[3] While the Court finds Plaintiff's panic disorder is severe, the Court makes no determination on how this severe impairment will impact the ALJ's evaluation of the remaining sequential evaluation process, including Plaintiff's credibility, the medical opinion evidence, and Plaintiff's RFC.

Plaintiff's inability to adapt to changes in a work setting. *See* AR 22. As the Court cannot determine if the ALJ properly included all of Dr. Eather's limitations in the RFC or simply ignored the limitations, the Court finds ALJ erred. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Provencio v. Astrue*, 2012 WL 2344072, *9 (D. Ariz., June 20, 2012) (finding the ALJ erred by giving "great weight" to a consultative examiner's opinion, yet ignoring parts of the opinion).

Had the ALJ included all of Dr. Eather's limitations in the RFC, Plaintiff may have been limited in her ability to adapt to changes in a work setting. Therefore, if all the limitations opined to by Dr. Eather were included in the RFC and in the hypothetical question posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the Court finds the error is not harmless. On remand, the Court recommends the ALJ be directed to explicitly include all Dr. Eather's opined limitations in the RFC or explain how all limitations are accounted for in the RFC.

**III. Whether the ALJ erred by failing to provide clear and convincing reasons supported by the record to discount Plaintiff's subjective testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 11, pp. 4-9. The Court concludes the ALJ committed harmful error at Step Two and in assessing the medical opinion evidence. *See* Sections I & II, *supra*. Because the ALJ's reconsideration of Step Two and the medical opinion evidence may impact her assessment of Plaintiff's subjective testimony, the Court recommends the ALJ be directed to reconsider Plaintiff's subjective testimony on remand.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 8, 2017, as noted in the caption.

Dated this 17th day of November, 2017.

David W. Christel
United States Magistrate Judge